**Bradley R. HAWKINS, Appellant–Defendant,**

v.

**Margaret A. CANNON, Appellee–Plaintiff.**

No. 53A05–0404–CV–191.

Court of Appeals of Indiana.

May 2, 2005.

Robert B. Clemens, George T. Patton, Jr., Marisol Sanchez, Bose, McKinney & Evans, LLP, Indianapolis, IN, Attorneys for Appellant.

Darla S. Brown, Kelley, Belcher & Brown, Bloomington, IN, Attorney for Appellee.

**OPINION**

RILEY, Judge.

*STATEMENT OF CASE*

Appellant–Defendant, Bradley R. Hawkins (Hawkins), appeals the trial court's denial of his Motion to Correct Error, affirming its judgment in favor of Appellee–Plaintiff, Margaret A. Cannon (Cannon).

We affirm.

## ISSUES

Hawkins raises two issues on appeal, which we consolidate into one and restate as follows: whether the trial court erred in denying his Motion to Correct Error.

## FACTS AND PROCEDURAL HISTORY

On July 14, 1998, at approximately 6:00 p.m., Cannon was driving southbound on Walnut Street in Bloomington, Indiana. While Cannon was completely stopped at a stoplight, she was rear ended by Hawkins. Upon impact, Cannon's forehead hit the top of the steering wheel. When Bloomington Police Officer J.D. Witmer (Officer Witmer) arrived at the scene of the accident at approximately 6:12 p.m., Hawkins stated that he had briefly taken his eyes off the road and when he looked up traffic was stopped. He added that he tried to stop but was unable to avoid hitting the back of Cannon's car. As a result of the accident, Cannon suffered soft tissue damage to her neck and lower back.

On March 8, 2000, Cannon filed a complaint for damages against Hawkins for injuries suffered as a result of the accident. On October 14 through October 15, 2003, a jury trial was held. At the close of the evidence, the jury returned a verdict in Cannon's favor and assessed damages in the amount of $600,000. Subsequently, on November 13, 2003, Hawkins filed a motion to correct error. On December 15, 2003, Cannon filed a brief in opposition to the motion to correct error to which Hawkins replied on January 5, 2004. On January 29, 2004, the trial court held a hearing on the motion. After taking the matter under advisement, the trial court denied Hawkins' Motion to Correct Error on February 23, 2004.

Hawkins now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Motion to Correct Error*

#### A. *Standard of Review*

Hawkins contends that the trial court abused its discretion by denying his Motion to Correct Error. A trial court has discretion to grant or deny a motion to correct error and we reverse its decision only for an abuse of that discretion. *In re Marriage of Dean*, 787 N.E.2d 445, 447 (Ind.Ct.App.2003), *trans. denied.* An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Id.*

#### B. *Final Instruction on Proximate Cause*

In his Motion to Correct Error Hawkins first argues that the trial court erred in giving final instruction seven to the jury because the instruction misstated the law on proximate cause. Specifically, Hawkins maintains that it was error for the trial court not to include the phrase "substantial factor" in final instruction seven. When an instruction is challenged as an incorrect statement of the law, our review of the ruling is *de novo. Phoenix Natural Res., Inc. v. Messmer*, 804 N.E.2d 842, 846 (Ind.Ct.App.2004), *reh'g denied.* In determining whether error resulted from the giving of an instruction, we use the following three prong test: (1) whether the tendered instruction correctly states the law; (2) whether there is evidence in the record to support giving the instruction; and (3) whether the substance of the instruction is covered by other instructions which are given. *R.R. Donnelley & Sons Co. v. North Texas Steel Co., Inc.*, 752 N.E.2d 112, 139 (Ind.Ct.App.2001), *reh'g denied.*

In the instant case, the trial court gave the following final instruction on proximate cause to the jury:

Final Instruction Number Seven:

It is not necessary that the defendant's negligence is the sole cause or even the immediate cause of the injury. If the defendant's act or omission was *a factor* in producing some injury of which the complaint is made, and the particular injury suffered is of the class of injuries which was reasonably foreseeable to result from such negligence, then that negligent act or omission is a proximate cause of the injury.

(Appellant's App. p. 32) (emphasis added). Hawkins now asserts that the second sentence of this final instruction was contrary to the Indiana Pattern Jury Instruction on proximate cause, and should have read "[I]f the defendant's act or omission was a *substantial* factor . . . ."

The Indiana Pattern Jury Instructions define proximate cause as follows: An act or omission is a proximate cause of an [injury] if the [injury] is a natural and probable consequence of the act or omission. Indiana Pattern Jury Instructions (Civil) § 5.06 (2d.2003). Clearly, the phrase "substantial factor" is not used in this definition. Furthermore, nowhere in the comments to the Indiana Pattern Jury Instructions on proximate cause is the phrase "substantial factor" ever mentioned. *Id.*

▮ Nevertheless, even if final instruction seven is ambiguous, we can look to the trial court's other final instructions for any clarification because this instruction was not mandatory. In *Ill. Cent. Gulf R.R. Co. v. Parks*, 181 Ind.App. 148, 390 N.E.2d 1073, 1077 (1979), we held that a mandatory instruction is one which unequivocally charges the jurors that, if they find from a preponderance of the evidence that a certain set of facts exists, they must render a verdict in accordance therewith for the plaintiff or the defendant. However, instructions which state propositions of law without incorporating a factual situation are not mandatory. *United Farm Bureau Mut. Ins. Co. v. Cook*, 463 N.E.2d 522, 526 (Ind.Ct.App.1984). Therefore, "when an instruction is not mandatory in nature, it must be considered with all of the other instructions given to the jury, and any ambiguity, inaccuracy or incompleteness of one instruction may be cured by another instruction not inconsistent therewith." *Jordan v. Talaga*, 532 N.E.2d 1174, 1189 (Ind.Ct.App.1989) (quoting *Estate of Hunt v. Bd. of Com'rs, Henry County*, 526 N.E.2d 1230, 1236 (Ind.Ct.App.1988), *reh'g denied, trans. denied), trans. denied*. Because final instruction number seven did not incorporate a factual situation, it was not mandatory and we can look to other final instructions for clarification. After reviewing the record we find that final instruction six cures any ambiguity found in final instruction seven. The trial court's final instruction six states as follows:

"Proximate Cause" is that cause which produces the injury complained of and without which the result would not have occurred. That cause must lead in a natural and continuous sequence to the resulting injury, unbroken by any efficient intervening cause.

(Appellee's App. p. 15). Accordingly, final instruction six clarifies the meaning of the proximate cause definition in final instruction seven because it introduces the "but for" test into the definition of proximate cause. In *Gates v. Riley ex rel Riley*, 723 N.E.2d 946, 950 (Ind.Ct.App.2000), we held that the "but for" test is relevant because proximate cause requires, at a minimum, that the harm would not have occurred but for the defendant's conduct. Therefore, we find that even if final instruction seven is ambiguous, it is clarified by final instruc-

tion six's unambiguous definition of proximate cause. Thus, we conclude that the trial court did not err in denying Hawkins' Motion to Correct Error with respect to final instruction seven.

### C. *Newly Discovered Evidence*

■ Next, Hawkins argues that the trial court improperly denied his Motion to Correct Error based upon newly discovered evidence. Specifically, Hawkins claims that pursuant to Indiana Trial Rule 59(A)(1), the trial court should have granted him a new trial because newly discovered evidence, *i.e.,* a videotape, reveals significant inconsistencies with Cannon's testimony at trial regarding the extent of her pain and injuries. The grant or denial of a motion to correct error is within the broad discretion of the trial court, and we will reverse only upon an abuse of that discretion, *i.e.,* when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Beall v. Mooring Tax Asset Group,* 813 N.E.2d 778, 783–84 (Ind.Ct.App.2004).

■ Initially we note that "[m]otions for a new trial predicated upon newly discovered evidence are viewed with disfavor." *Denney v. State,* 695 N.E.2d 90, 93 (Ind.1998). Our supreme court has held that in order to obtain a new trial based on newly discovered evidence, the defendant must show that:

> (1) the evidence has been discovered since the trial; (2) it is material and relevant; (3) it is not cumulative; (4) it is not merely impeaching; (5) it is not privileged or incompetent; (6) due diligence was used to discover it in time for trial; (7) the evidence is worthy of credit; (8) it can be produced on a retrial of the case; and (9) it will probably produce a different result.

*Kahlenbeck v. State,* 719 N.E.2d 1213, 1218 (Ind.1999). The defendant has the burden of showing that the newly discovered evidence meets all nine prerequisites for a new trial. *Denney,* 695 N.E.2d at 93. Additionally, a motion for a new trial based on newly discovered evidence is subject to a hostile inference of want of due diligence in the absence of a clear showing to the contrary. *Id.* A party may not rest upon its abstract conclusion about or assertion of its exercise of due diligence but must give a particularized showing that all methods of discovery reasonably available to counsel were used and could not uncover the newly found information. Further, Indiana Trial Rule 59(A)(1) requires a motion to correct error to be filed when a party seeks to address "newly discovered material evidence, including alleged juror misconduct, capable of production within thirty (30) days of final judgment which, with reasonable diligence, could not have been discovered and produced at trial...."

In the present case, the record shows that two weeks after the jury trial, Hawkins hired a private investigator to videotape and record Cannon's activities over the course of several days to show that she was exaggerating the extent of her injuries. The videotape shows Cannon arriving and leaving for work, walking her dog, renting movies, and going to the grocery. Hawkins now argues that due diligence was timely used in discovering this information since such documentation could not have been previously acquired because Cannon was unlikely to conduct herself prior to trial in a manner inconsistent with the complained-of injuries. In particular, Hawkins suggests that it would be untenable and impractical if we were to require that surreptitious surveillance evidence be conducted in every personal injury case prior to trial.

Although we clearly do not require surveillance evidence to be conducted prior to trial, we do require Hawkins to show that he used due diligence in discovering evidence of Cannon exaggerating her injuries before trial and that his efforts failed. *See*

Ind.Trial Rule 59(A)(1); *Kahlenbeck*, 719 N.E.2d at 1218. Here, the videotape simply shows Cannon engaging in several normal errands and activities. We fail to see why this type of evidence could not have been discovered in the more than two years and seven months that elapsed from the filing of the complaint to the start of the trial. Accordingly, we find that Hawkins failed to use due diligence in discovering evidence of Cannon exaggerating her injuries, and therefore the trial court did not abuse its discretion in denying Hawkins' Motion to Correct Error based upon newly discovered evidence.

### D. *Fraud or Misrepresentation*

Lastly, Hawkins contends that his Motion to Correct Error should have been granted because of Cannon's fraud upon the trial court. In particular, Hawkins claims that intrinsic fraud occurred because the evidence deducted from the video surveillance of Cannon reveals strong inconsistencies with the testimony she gave during trial regarding her pain and injuries. Again, we will not reverse a denial of a motion to correct error in the absence of an abuse of discretion. *Beall*, 813 N.E.2d at 783–84.

Indiana Trial Rule 60(B) provides in pertinent part:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:
>
> . . .
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct or an adverse party.

Intrinsic fraud is defined as false evidence, whether in the form of perjured testimony under oath in open court, or in a pleading or affidavit admitted into evidence. *In re The Marriage of William T. Glover v.*

*Torrence*, 723 N.E.2d 924, 932 (Ind.Ct. App.2000).

Furthermore, to assert a claim of fraud on the trial court, the party must establish that an unconscionable plan or scheme was used to improperly influence the trial court's decision and that such acts prevented the losing party from fully and fairly presenting its case or defense. *In re the Adoption of Fitz*, 805 N.E.2d 1270, 1273 (Ind.Ct.App.2004) (citing *Stonger v. Sorrell*, 776 N.E.2d 353, 357 (Ind.2002)), *trans. denied.* Fraud on the trial court has been narrowly applied and is limited to the most egregious of circumstances involving the courts. *Id.* To prove fraud on the trial court, it is not enough to show a possibility that the trial court was misled. *Id.* Instead, there must be a showing that the trial court's decision was actually influenced. *Id.*

Here, Hawkins maintains that Cannon lied to the trial court concerning the extent of her pain and injuries because the video surveillance recorded her doing things during her daily activities that she testified she could not do. However, after fully reviewing the transcript and videotape we fail to find any inconsistencies between Cannon's testimony and her out of court actions. Therefore, we hold that the trial court did not abuse its discretion in denying Hawkins' Motion to Correct Error with respect to his claim for intrinsic fraud.

### CONCLUSION

Based on the foregoing we find that the trial court did not err by denying Hawkins' Motion to Correct Error.

Affirmed.

ROBB, J., and CRONE, J., concur.