Sherry J. CHAPO and Jessie A. Chapo–Stitsworth, Appellants–Defendants,

v.

JEFFERSON COUNTY PLAN COMMISSION, Appellee–Plaintiff.

No. 39A01–0908–CV–408.

Court of Appeals of Indiana.

May 5, 2010.

---

Sherry J. Chapo, Deputy, IN, Appellant Pro Se.

P. Patrick Magrath, Alcorn Goering & Sage, LLP, Madison, IN, Attorney for Appellee.

**OPINION**

RILEY, Judge.

### STATEMENT OF THE CASE

Appellants–Defendants, Sherry J. Chapo and Jessie A. Chapo–Stitsworth (collectively, Chapo), appeal the trial court's Order denying their motion for costs and fees following an action stemming from the Appellee–Plaintiff's, Jefferson County Plan Commission (Jefferson County), Verified Complaint for Permanent Injunction and Penalties.

We affirm in part, reverse in part, and remand for further proceedings.

### ISSUES

Chapo raises two issues on appeal, which we restate as follows:

(1) Whether the trial court abused its discretion by denying Chapo's motion to recover costs pursuant to Indiana Trial Rule 41(E); and

(2) Whether the trial court abused its discretion when it denied Chapo's motion for an award of attorney fees pursuant to Indiana Code section 34–52–1–1(b).

### FACTS AND PROCEDURAL HISTORY[1]

On August 9, 2004, Jefferson County filed a Notice of Zoning Violation against

---

1. We note that in its appellate brief, Jefferson County failed to include a Statement of Facts

Chapo stating that she had failed to obtain a zoning permit for the property at the southwest corner of the intersection of Deputy Pike Road and Spry Road located in Deputy, Jefferson County, Indiana, and was in violation of the Jefferson County Zoning Ordinance. Not until almost three years later, on June 12, 2007, Jefferson filed a Verified Complaint for Permanent Injunction and Penalties alleging that Chapo "built a residential dwelling on the property situate[d] at 10214 West Deputy Pike Road, Deputy, IN 47230 without obtaining a building permit in violation of the Jefferson County Zoning Ordinance." (Appellant's App. p. 33). The Complaint referenced the written notice that was sent to Chapo on August 9, 2004.

On August 21, 2007, Chapo filed her amended answer and affirmative defenses to Jefferson County's Complaint. Two days later, she amended her answer denying that she built a residence on the address indicated in Jefferson County's Complaint. On September 7, 2007, Jefferson County acknowledged that the Complaint incorrectly listed 10214 West Deputy Pike Road, Deputy, IN 47230 as the property to have been improved in violation of the Zoning Ordinance. Instead, Jefferson County indicated that the Complaint intended to address the property located at 3677 North Spry Road, Deputy, IN. Counsel for Jefferson County stated that she would "be filing an amended complaint in the coming week to change the address of the property." (Appellant's App. p. 41).

Jefferson County took no further action and on December 16, 2008, Chapo filed a motion to dismiss for failure to prosecute pursuant to Indiana Trial Rule 41(E). On

April 9, 2009, the trial court conducted a hearing on Chapo's motion. Thereafter, on May 4, 2009, the trial court issued an Order dismissing Jefferson County's Complaint with prejudice. On June 3, 2009, Chapo filed a motion for costs and fees. In her motion, Chapo requested costs in the amount of $294 pursuant to Indiana Trial Rule 41(E) and attorney fees in the amount of $4,680 pursuant to Indiana Code section 34–52–1–1(b). On June 19, 2009, the trial court summarily denied Chapo's motion. On July 17, 2009, Chapo filed a motion to correct error, which was also denied by the trial court on July 24, 2009.

Chapo now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

#### I. *Standard of Review*

■ This case comes before us as an appeal from a denial of a motion to correct error. A trial court has discretion to grant or deny a motion to correct error and we reverse its decision only for an abuse of that discretion. *Hawkins v. Cannon*, 826 N.E.2d 658, 662 (Ind.Ct.App.2005), *trans. denied.* An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Id.*

Chapo contends that the trial court abused its discretion when it denied her motion requesting costs pursuant to Indiana Trial Rule 41(E) and attorney fees in accordance with Indiana Code section 34–52–1–1. We will discuss each contention in turn.[2]

or a statement indicating that the County agreed with Chapo's Statement of Facts pursuant to Ind. Appellate Rule 46(B). We encourage counsel for Jefferson County to review the rules for appellate procedure.

2. Jefferson County notes that it filed a motion to reinstate pursuant to Indiana Trial rule 41(F) on May 6, 2009. To date, the trial court has not ruled on Jefferson County's request. Mindful of its motion, Jefferson County now asserts that Chapo's appeal is premature as

## II. Costs Pursuant to Indiana Trial Rule 41(E)

■ First, Chapo asserts that Indiana Trial Rule 41(E) which governs the dismissal of actions for failure to prosecute includes mandatory language requiring the payment of costs by the plaintiff.

■ Indiana Trial Rule 41(E) provides in pertinent part:

> [W]hen no action has been taken in a civil case for a period of sixty days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing.

The purpose of Indiana Trial Rule 41(E) is to ensure that plaintiffs will diligently pursue their claims. *Lee v. Pugh*, 811 N.E.2d 881, 885 (Ind.Ct.App.2004). The rule provides an enforcement mechanism whereby a defendant, or the court can force a recalcitrant plaintiff to push his case to resolution. *Id.*

The language allocating the costs of the dismissal is cast as a mandatory, imperative duty on the court—the court *shall* enter an order—not as an advisory, discretionary or precatory presumption. MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 1075–76 (10th ed. 1993) defines "shall" as "will have to . . . used in laws, regulations, or directives to express what is mandatory." In other words, as soon as the trial court enters an order of dismissal pursuant to Indiana Trial Rule 41(E), the trial court no longer has any discretion but to direct the plaintiff to bear the costs of the dismissal action.

■ However, neither the trial rules nor our case law have clarified the meaning of 'costs' within the confines of Indiana Trial Rule 41(E). Costs were unknown at common law and may be awarded by a court only when they are authorized by statute. *AgMax, Inc. v. Countrymark Coop., Inc.*, 661 N.E.2d 1259, 1261 (Ind.Ct.App.1996). The statutory authority for the recovery of costs is found in Ind.Code § 34–52–1–1, the general recovery statute, which provides that "[i]n all civil actions, the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law."

The term 'costs' is an accepted legal term of art that has been strictly interpreted to include only filing fees and statutory witness fees. *Midland–Guardian Co. v. United Consumers Club, Inc.*, 499 N.E.2d 792, 800 (Ind.Ct.App.1986), *reh'g denied*. Thus, in the absence of manifest contrary legislative intent, the term 'costs' must be given its accepted meaning which does not include litigation expenses. *Id.* Specifically with respect to the trial rules, costs are addressed in Indiana Trial Rule 54(D), which provides, in relevant part that "[e]xcept when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs in accordance with any provision of law."

In *Calhoun v. Hammond*, 169 Ind.App. 39, 345 N.E.2d 859, 860 (1976), this court addressed the meaning of 'costs' in Indiana Trial Rule 54(D) in the context of a negligence action for damages arising from personal injuries. We concluded, among other things, that the recoverable costs contemplated by the rule did not include the expense incurred in the tran-

---

the motion for reinstatement is still before the trial court, thereby making this appeal moot. We disagree. We have previously held that a

dismissal pursuant to Rule 41(E) is a final appealable order. *Lee v. Pugh*, 811 N.E.2d 881, 888 n. 3 (Ind.Ct.App.2004).

scription of depositions. *Id.* at 863. We reached this conclusion on the basis that there was no statutory authority for the taxation of such an expense. *Id.* at 859. *See also Cox v. Ubik,* 424 N.E.2d 127, 131 (Ind.Ct.App.1981) (holding, on the same grounds, that the term 'costs' under Indiana Trial Rule 54(D) does not include deposition transcription expenses).

More recently, in *Missi v. CCC Custom Kitchens,* 731 N.E.2d 1037, 1039–40 (Ind. Ct.App.2000), this court analyzed whether the trial court erred in taxing certain litigation expenses as a recoverable cost under Indiana Trial Rule 68. Among other things, those expenses included deposition transcription fees, preparation and printing costs for exhibits, and photocopying expenses. *Id.* at 1040. In reviewing the trial court's award of costs, we first observed that the term 'costs' has the same meaning in Indiana Trial Rule 68 as in Trial Rule 54(D). *Id.* at 1039. We concluded that the trial court erred because the costs it awarded were not of the sort contemplated by Indiana Trial Rule 54(D) or the general recovery statute, I.C. § 34–1–32–1(a). *Id.*

Here, Chapo indicated in her motion for costs and fees that she had incurred "costs of travel, postage, and copying in the amount of $294.00." (Appellant's App. p. 53). Given the absence of any indication that 'costs' in Indiana Trial Rule 41(E) should be interpreted differently or more expansively than the characterization of 'costs' in Indiana Trial Rules 54(D) or 68, we conclude that Chapo cannot be reimbursed for travel expenses, postage and photocopying costs. Therefore, the trial court did not abuse its discretion by denying her motion for costs.

### III. *Attorney Fees* [3]

 Next, Chapo contends that Jefferson County's action amounted to a frivolous, unreasonable and groundless action for which she should be awarded attorney fees according to I.C. § 34–52–1–1(b). Indiana adheres to the American Rule with respect to the payment of attorney fees, which requires each party to pay his or her own attorney fees absent an agreement between the parties, statutory authority, or rule to the contrary. *Breining v. Harkness,* 872 N.E.2d 155, 161 (Ind.Ct. App.2007), *reh'g denied, trans. denied.* Indiana Code section 34–52–1–1(b) states

In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:

(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3) litigated the action in bad faith.

 We review *de novo* the trial court's legal conclusion that a party litigated in bad faith or pursued a frivolous, unreasonable or groundless claim or defense, and then review the trial court's decision to award attorney fees and the amount thereof under an abuse of discretion standard. *Breining,* 872 N.E.2d at 161. A claim or defense is "frivolous" if it

---

**3.** Jefferson County asserts that Chapo waived her claim for attorney fees as she only disputed the denial of costs in her motion to correct error. We disagree. Under the appellate rules, a party filing a motion to correct error need not raise every issue in the motion that will be raised on appeal. *Hatfield v. Edward*

*J. DeBartolo Corp.,* 676 N.E.2d 395, 398 (Ind. Ct.App.1997). Only those issues making the motion mandatory need to be specifically raised in order to be preserved for appeal. *Id.* An award of attorney fees is not one of those issues.

is taken primarily for the purpose of harassment, if the attorney is unable to make a good faith and rational argument on the merits of the action, or if the lawyer is unable to support the action taken by a good faith and rational argument for an extension, modification, or reversal of existing law. *Id.* A claim or defense is "unreasonable" if, based on the totality of the circumstances, including the law and the facts known at the time of filing, no reasonable attorney would consider that the claim or defense was worthy of litigation. *Id.* A claim or defense is "groundless" if no facts exist which support the legal claim presented by the losing party. *Id.* A trial court is not required to find an improper motive to support an award of attorney fees; rather an award may be based solely upon the lack of a good faith and rational argument in support of the claim. *Id.*

Here, Jefferson County first notified Chapo of the Zoning Ordinance violation in August of 2004. Not until three years later, in June of 2007, did Jefferson County file a Verified Complaint against Chapo. This Complaint listed the wrong address and threatened her with penalties of $2,500. Although the County's error was pointed out by Chapo, Jefferson County failed to acknowledge its mistake until September 7, 2007. That day, Jefferson County's counsel, by facsimile to Chapo's counsel, conceded that the Complaint listed the wrong address and promised that she would "be filing an amended complaint in the coming week to change the address of the property." (Appellant's App. p. 41). Despite Jefferson County's acknowledg-

ment, no amended Complaint was ever filed. Meanwhile, Chapo attempted to refinance the residence incorrectly listed on the Complaint.

No further action was taken by Jefferson County. Therefore, twenty-two months later, on December 16, 2008, Chapo filed a motion to dismiss for failure to prosecute. A hearing on Chapo's motion was set for April 9, 2009. During the hearing, Chapo's counsel testified that for the first time since filing the motion four months prior, he had received an email from Jefferson County's counsel the day before the hearing indicating that Jefferson County would be filing a motion to amend and a request for jury trial. No such pleadings were filed. Also, at the hearing, it became clear that Jefferson County had not taken any action to move this case along and was unable to make a good faith argument to support continuing the instant cause. Thus, Chapo established the propriety of an award of attorney fees incurred when she was forced to defend against a frivolous and groundless claim. The trial court erred when it summarily denied Chapo's motion for attorney fees. We remand for a hearing to determine the appropriate amount of the award.[4]

## CONCLUSION

Based on the foregoing, we conclude that the trial court properly denied an award of costs; however, we find that Chapo is entitled to an award of attorney fees pursuant to I.C. § 34–52–1–1(b) and

---

4. In its Brief, Jefferson County claims that "the award of fees is punitive in nature and [Jefferson County] as a government entity is thus immune from such judgments." However, Jefferson County raised this argument only in the Summary of the Argument section of its Brief without any reference to authority and subsequently failed to develop this claim in its Argument section. Because Jefferson County fails to make a cogent argument, supported by citations to authorities and statutes, we find its contention waived. *See* Ind. Appellate Rule 46(A)(8)(a); (B)(2).

remand to the trial court to determine the appropriate amount of the award.

Affirmed in part, reversed in part, and remanded for further proceedings.

VAIDIK, J., and CRONE, J., concur.