954 N.E.2d 1050 (2011)
K.S., Appellant-Respondent,
v.
B.W., Appellee-Petitioner.
No. 22A05-1102-DR-79.
Court of Appeals of Indiana.
September 28, 2011.
*1051 Carrie K. Stiller, Floyds Knobs, IN, Attorney for Appellant.
Stanley E. Robison, Jr., New Albany, IN, Attorney for Appellee.

OPINION
MAY, Judge.
K.S. appeals an order granting K.S.'s ex-boyfriend, B.W., visitation with her daughter, M.M. K.S. alleges the court erred by granting visitation and abused its discretion by denying her request for attorney's fees. We reverse in part and affirm in part.

FACTS AND PROCEDURAL HISTORY
K.S. gave birth to M.M. on September 21, 2002. M.M.'s biological father died in March 2003. From April 2004 to September 2007, K.S. was in a relationship with B.W., and K.S. and M.M. lived in West Virginia with B.W. During that time, M.M. called B.W. "Daddy" and "Dad," and B.W. was listed on M.M.'s school enrollment papers as her "Dad." (App. at 5.) After the relationship ended, K.S. allowed B.W. "regular visits" with M.M. (Id.)
In September 2009, K.S. married Z.E., and she and M.M. moved to Indiana. She continued to allow M.M. and B.W. to visit every other weekend.
On September 16, 2009, B.W. filed a Motion to Establish De Facto Parent and Grant Parenting Time. K.S. moved to dismiss for failure to state a claim and on May 15, 2010, she stopped allowing B.W. to visit M.M.
The trial court denied K.S.'s motion to dismiss and B.W.'s request to name him as M.M.'s de facto parent. It granted B.W.'s request to visit with M.M. every other weekend, and ordered the parties to meet at a halfway point between Indiana and West Virginia to exchange M.M. It denied K.S.'s request that B.W. be ordered to pay her attorney's fees.
On November 15, K.S. filed a motion for stay of execution of judgment and a motion to correct error, which were both denied on January 28, 2011.

DISCUSSION AND DECISION

1. Visitation

When, as is the case here, a trial court enters findings of fact and conclusions thereon sua sponte, the findings "control only as to the issues they cover and a general judgment will control as to the issues upon which there are no findings." Tracy v. Morell, 948 N.E.2d 855, 862 (Ind.Ct.App.2011). We review findings for clear error and we review conclusions of law de novo. Bowyer v. Ind. Dep't of Natural Res., 944 N.E.2d 972, 983 (Ind. Ct.App.2011). A judgment is clearly erroneous if no evidence supports the findings, the findings do not support the judgment, or the trial court applies an incorrect legal standard. Id. at 983-84.
K.S. does not contest any findings of fact. Instead she argues the trial court's decision was contrary to law. We agree.
Indiana law defines a "de facto custodian" as someone
who has been the primary caregiver for, and financial support of, a child who has resided with the person for at least
(1) six (6) months if the child is less than three (3) years of age; or
(2) one (1) year if the child is at least three (3) years of age.
Ind.Code § 31-9-2-35.5. Our legislature specifically provided the definition of de *1052 facto custodian applies only to custody proceedings following the determination of paternity (Ind.Code § 31-14-13-2.5), actions for child custody or modification of child custody orders (Ind.Code § 31-17-2-8.5), and temporary placement of a child in need of services who is taken into custody (Ind.Code § 31-34-4-2).
Our Indiana Supreme Court has explained that status as a de facto custodian bears only on the question of custody. See Indiana Code § 31-14-13-2.5(b)(2) (providing in relevant part "In addition to the factors listed in section 2 of this chapter, the court shall consider the following factors in determining custody:... The extent to which the child has been cared for, nurtured, and supported by the de facto custodian.") (emphasis added). The apparent intent of the de facto custodian statute is to clarify that a third party may have standing in certain custody proceedings, and that it may be in a child's best interests to be placed in that party's custody. In re Guardianship of L.L., 745 N.E.2d 222, 230 (Ind.Ct.App.2001). The statute is silent on the question of visitation.
K.I. ex rel. J.I. v. J.H., 903 N.E.2d 453, 461-62 (Ind.2009).[1] Based thereon, the Court held the de facto custodian statute did not give a trial court authority to grant visitation to a grandmother who had guardianship over a child from the age of six months.
Neither, held the Court, could the grandmother obtain visitation "pursuant to the noncustodial parent's visitation provided under the Indiana Parenting Time Guidelines." Id. at 461. The Court explained why an order of visitation under the Indiana Parenting Guidelines would be inappropriate:
It is true that the Guidelines acknowledge a child's basic need "[t]o develop and maintain meaningful relationships with other significant adults (grandparents, stepparents and other relatives) as long as these relationships do not interfere with or replace the child's primary relationship with the parents." Ind. Parenting Time Guidelines, A Child's Basic Needs (8). However, as the Court of Appeals has observed, "The guideline's titleIndiana Parenting Time Guidelinesindicates that they apply to parents, not other family members. More to the point: `The Indiana Parenting Time Guidelines are based on the premise that it is usually in a child's best interest to have frequent, meaningful and continuing contact with each parent.'"
Id. (emphasis in original).
We must accordingly reverse the grant of visitation to B.W. because B.W. is not M.M.'s father. While he was an important part of M.M.'s life at one time, Indiana law does not provide for an order of visitation under this circumstance.

2. Attorney's Fees

A trial court may award attorney's fees to "the prevailing party if the court finds that either party ... continued *1053 to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless." Ind.Code § 34-52-1-1(b)(2) (emphasis added). A trial court abuses its discretion in deciding whether to award attorney's fees if the decision is "against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law." Chapo v. Jefferson County Plan Comm'n, 926 N.E.2d 504, 507 (Ind.Ct.App.2010).
K.S. requested attorney's fees at trial, and the trial court denied her request. K.S. contends she should have been awarded attorney's fees at trial because B.W.'s claims were "unreasonable, groundless, and frivolous." (Br. of Appellant at 16.) However, she did not prevail at trial, and thus an award of attorney's fees is not appropriate pursuant to Ind.Code § 34-52-1-1(b)(2). Accordingly, we affirm the trial court's denial of attorney's fees.

CONCLUSION
Because Indiana law does not provide for a grant of visitation in this circumstance, we reverse that order. However, we affirm the trial court's denial of K.S.'s request for attorney's fees.
Reversed in part, and affirmed in part.
RILEY, J., and NAJAM, J., concur.
NOTES
[1] B.W. cites King v. S.B., 837 N.E.2d 965 (Ind.2005), in support of his argument that we should affirm the grant of visitation. In King, our Indiana Supreme Court held the trial court should not have dismissed a custody and support action brought by a former domestic partner. The King Court analyzed In re Guardianship of B.H., in which it affirmed the trial court's grant of permanent guardianship to Stepfather after Mother's death, even though the children's biological father also petitioned for guardianship. 770 N.E.2d 283 (Ind.2002). However, King and B.H. dealt with requests for custody of or guardianship over the children by a de facto custodian. B.W. was not awarded custody in fact, he specifically denied having interest in taking full custody of M.M. Thus, the reasoning in K.I. controls.