**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JAY L. LAVENDER**
Lavender & Bauer, P.C.
Warsaw, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AUSTIN WHITE, | ) | |
| | ) | |
| Appellant-Counter-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 25A05-1109-SC-507 |
| | ) | |
| JESSAMYN RHYMER, | ) | |
| | ) | |
| Appellee-Counter-Defendant. | ) | |

APPEAL FROM THE FULTON SUPERIOR COURT
The Honorable Thomas R. Lett, Special Judge
Cause No. 25D01-1003-SC-214

**February 14, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Counter-Plaintiff, Austin White (White), appeals the trial court's denial of his Motion to Set Aside Judgment in favor of Appellee-Counter-Defendant, Jessamyn Rhymer (Rhymer).

We affirm in part and reverse in part.

## ISSUE

White raises two issues which we restate as follows:

(1) Whether the trial court abused its discretion by denying White's Motion to Set Aside Judgment; and

(2) Whether the trial court abused its discretion by awarding Rhymer attorney fees.

## FACTS AND PROCEDURAL HISTORY

On or about March 24, 2008, White and Rhymer were involved in an automobile accident. On May 18, 2009, the parties entered into a General Release memorializing the terms of their settlement. Rhymer released White and his insurer "from any and all claims for any known or unknown injuries, property damage or car rental expenses associated" with the accident in exchange for $500. (Appellant's App. p. 48).

On March 25, 2010, Rhymer filed a Notice of Claim in small claims court against White for personal injuries stemming from the March 24, 2008 accident. On April 7, 2010, White, *pro se*, filed his Notice of Counterclaim against Rhymer seeking $3,000 for "inconvenience (time, stress) along with [two] lost days of work and copies being made for my case." (Appellant's App. p. 10). On June 8, 2010, Rhymer sought to dismiss of

her own Claim since "the matter ha[d] been fully compromised." (Appellant's App. p. 11). On June 10, 2010, the trial court dismissed Rhymer's Claim with prejudice.

On March 21, 2011, the trial court held a hearing on White's Counterclaim. The same day, the trial court entered a default judgment against Rhymer for her failure to appear at the hearing. On April 6, 2011, the trial court set aside the default judgment and rescheduled a hearing on White's Counterclaim. On June 6, 2011, Rhymer filed her Motion to Dismiss White's Counterclaim for failure to state a claim and sought attorney fees against White under Ind. Code § 34-52-1-1. Rhymer also requested that her Motion to Dismiss White's Counterclaim be heard at the hearing scheduled for White's Counterclaim. On June 9, 2011, the trial court held a hearing on White's Counterclaim and Rhymer's motion to dismiss. On June 10, 2011, the trial court issued its Order (June 10, 2011 Order) in which it dismissed White's Counterclaim with prejudice and awarded Rhymer $1,500 in attorney fees. According to the Chronological Case Summary (CCS), the trial court's June 11, 2011 Order was mailed to both parties on June 13, 2010.

On June 28, 2011, White simultaneously filed his Amended Counterclaim and Motion to Set Aside Judgment. On August 29, 2011, the trial court held a hearing. On August 30, 2011, the trial court issued its Order (August 30, 2011 Order) denying both White's Motion to Set Aside Judgment and his Amended Counterclaim as untimely filed. On September 6, 2011, White filed a Motion to Reconsider, which was also denied by the trial court.

White now appeals. Additional facts will be provided as necessary.

3

## DISCUSSION AND DECISION

### I. *Failure to State a Claim*

White contends that the trial court abused its discretion by denying his Ind. Trial R. 60(B) Motion to Set Aside Judgment. The trial court's August 30, 2011 Order determined that White had failed to timely file both his Amended Counterclaim and Motion to Set Aside Judgment.

The trial court's decision to deny a party relief from judgment under T.R. 60(B) "is within its sound, equitable discretion," and is not subject to reversal unless there has been an abuse of discretion. *Stronger v. Sorrell*, 776 N.E.2d 353, 358 (Ind. 2002). An abuse of discretion occurs when the trial court's decision is clearly against the logic and the effects of the facts, or if the trial court misinterpreted the law. *Jo. W. v. Je. W.*, 952 N.E.2d 783, 785 (Ind. Ct. App. 2011).

We note that Rhymer did not file an appellee's brief. In such a case, "an appellant may prevail by establishing a *prima facie* case of error, *i.e.*, error at first sight, on first appearance, or on the face of it." *Elrod v. Brooks*, 910 N.E.2d 231, 233 (Ind. Ct. App. 2009). Nonetheless, we must apply the law to the facts in the record in order to determine if reversal is required. *Blunt-Keene v. State*, 708 N.E.2d 17, 19 (Ind. Ct. App. 2001).

White alleged five grounds under T.R. 60(B) to set aside the trial court's June 11, 2009 Order. Specifically, White based his claim on the following relevant provisions of T.R. 60(B):

4

On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

(2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

[…]

(7) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

The trial court's August 30, 2011 Order stated that "[White] had ten days from the date of service to file an Amended Counterclaim and Motion to Set Aside the Judgment, making the [m]otions due on June 23, 2011." (Appellant's App. p. 8). T.R. 60(B) motions alleging grounds (1) through (4) must be made no later than one year following the judgment and within a reasonable time when alleging ground (8). T.R. 60(B). White is therefore correct that the trial court erred by finding his Motion to Set Aside Judgment as untimely filed since it was filed within one year of the trial court's June 11, 2011 Order.

5

However, White's motion invoked grounds (1) through (3) as well as grounds (7) and (8) to set aside the June 10, 2011 Order. These grounds, excluding ground (7), further require "a meritorious claim or defense." T.R. 60(B). Thus, White must show a meritorious claim or defense to the trial court's dismissal of his Counterclaim.[1]

With respect to White's meritorious claim, we note that the trial court's June 10, 2011 Order dismissed White's Notice of Counterclaim for failure to state a claim under T.R. 12(B)(6). On appeal, White contests the dismissal on the basis that Rhymer filed her motion to dismiss in an untimely manner which "did not provide [White] adequate time or notice, consistent with due process requirements to respond." (Appellant's Br. p. 11).

Our supreme court has found that 12(B) motions for dismissal are available in small claims actions. *Niksich v. Cotton*, 810 N.E.2d 1003, 1005 (Ind. 2004), *cert. denied*, 543 U.S. 1126 (2005). However, "[a]ll defenses shall be deemed at issue without responsive pleadings" in small claims proceedings. Ind. Small Claims Rule 4(A); *see also* Ind. Code § 33-28-3-5(b) (defendant's filing of an appearance in small claims proceedings "preserves all defenses and compulsory counterclaims"). We also note the informal nature of small claim court proceedings where relaxed procedural standards prevail. *See Wolverine Mutual Insurance Co. v. Oliver*, 933 N.E.2d 568, 571 (Ind. Ct.

---

[1] We note that T.R. 60(B)(7) addresses situations where "there has been a change of circumstances since entry of the original judgment" with such change of circumstances "not reasonably foreseeable at the time of entry of the original judgment." *State v. Martinsville Development Co., Inc.*, 366 N.E.2d 681, 684 (Ind. Ct. App. 1977). White makes no such contention in his brief. Accordingly, we find this contention waived for failure to make a cogent argument. *See* Ind. App. Rule 46(A)(8)(a).

App. 2010), *trans. denied*. Given that Rhymer's defense has always been at issue and that White was apparently afforded an opportunity to contest dismissal at the June 9, 2011 hearing, we find White's appeal to the time limits enunciated in T.R. 12(B) in the small claims setting to be unavailing and an insufficient basis to reverse the trial court. *See id.* (noting that there are "relaxed rules in the small-claims setting in Indiana").

Alternatively, White claims that since Rhymer's motion to dismiss his Counterclaim referred to matters outside the pleadings, specifically by including an affidavit from Rhymer's counsel, it was thus transformed into a motion for summary judgment under T.R. 56. In such case, White contends that the trial court erred by not affording him thirty days to respond.

T.R. 12(B) provides that a 12(B)(6) motion "shall be treated as one for summary judgment" when "matters outside the pleading are presented and not excluded by the court." Although Rhymer's counsel attached an affidavit to her motion to dismiss, White admits that "the trial court only considered the content of Mr. White's Notice of Counterclaim" at the hearing on Rhymer's motion to dismiss his Counterclaim. (Appellant's Br. pp. 6-7, n. 3). It would thus appear that the trial court did not consider the affidavit in determining that White's Counterclaim failed to state a claim. We therefore find that Rhymer's motion to dismiss did not become a T.R. 56 motion for summary judgment. *See In re 2005 Tax Sale Parcel No. 2400-001-0022-01*, 898 N.E.2d 349, 352 (Ind. Ct. App. 2008). Accordingly, we find that the trial court did not abuse its

discretion by denying White relief from judgment based upon the dismissal of his Counterclaim.

## II. *Attorney Fees*

Having determined that the trial court did not abuse its discretion by denying White's Motion to Set Aside judgment as to the dismissal of his Counterclaim, we now evaluate the trial court's award of attorney fees to Rhymer. Here, we find that the trial court abused its discretion by refusing to set aside its award of attorney fees to Rhymer under I.C. § 34-52-1-1.

Under I.C. § 34-52-1-1(b), the trial court may award attorney fees in a civil action if that it finds that a party:

(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or
(3) litigated the action in bad faith.

"We review *de novo* the trial court's legal conclusions that a party litigated in bad faith or pursued a frivolous, unreasonable or groundless claim or defense, and then review the trial court's decision to award attorney fees and the amount thereof under an abuse of discretion standard." *Chapo v. Jefferson County Plan Com'n*, 926 N.E.2d 504, 509 (Ind. Ct. App. 2010). Frivolous claims or defenses are those claims that are made "primarily for the purpose of harassment" or that lack "a good faith and rational argument on the merits of the action." *Id*. at 510. Unreasonable claims or defenses are those which "no reasonable attorney" would consider "worthy of litigation" based upon "the totality

8

of the circumstances, including the law and the facts known at the time of filing." *Id*. Groundless claims are those where "no facts exist which support the legal claim presented by the losing party." *Id*.

The trial court ordered White to pay Rhymer's attorney's fees because White "continued to litigate the counterclaim after said counterclaim had clearly become frivolous, unreasonable, and groundless." (Appellant's App. p. 30). As noted above, the trial court may award attorney fees for the continued litigation of a frivolous claim under I.C. § 34-52-1-1(b). Upon review of the record, we cannot say that the record supports the trial court's conclusion that White's Counterclaim, though improperly pled, constituted a frivolous, unreasonable, or groundless claim.

There is no evidence in the record that White's Counterclaim was instigated to harass Rhymer or that White lacked an argument allowing him to make a rational argument on the merits. Rather, the deficiency with White's Counterclaim was the failure to plead, rather than the existence of, facts entitling him to relief. White had a General Release executed by Rhymer releasing him from all claims resulting from the March 24, 2008 accident. Further, Rhymer's counsel admits that her claim "was filed in an effort to preserve her potential personal injury claim from the running of the statute of limitations." (Appellant's App. p. 22). Therefore, we cannot say that the totality of circumstances known at the time of filing suggest that White's Counterclaim was unworthy of litigation. Similarly, we cannot say that White's Counterclaim was groundless. In contrast to the original Counterclaim, White's proposed Amended

9

Counterclaim specifically alleged claim for relief under I.C. § 34-52-1-1 and listed facts and occurrences, including the accident and execution of the General Release, as well as damages. These were facts and occurrences known to White at the time of filing his Counterclaim and which were still valid because Rhymer's Claim had not yet been dismissed. Because we find that White's Counterclaim, though improperly pled, was not frivolous, unreasonable, or groundless, the trial court erred when it awarded Rhymer attorney fees. Accordingly, White has established *prima facie* error entitling him to reversal on this ground.

## CONCLUSION

Based on the foregoing, we conclude (1) that the trial court properly denied White's Motion to Set Aside Judgment when it dismissed his Counterclaim; and (2) that White has established *prima facie* error when the trial court awarded attorney fees to Rhymer pursuant to I.C. § 34-52-1-1. Accordingly, we reverse the trial court's judgment on this ground.

Affirmed in part, reversed in part.

FRIEDLANDER, J. and MATHIAS, J. concur