STATE of Indiana, Appellant–Plaintiff,

v.

Lowell NECESSARY, Appellee–Defendant.

No. 89A05–0311–CR–593.

Court of Appeals of Indiana.

Dec. 23, 2003.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

## OPINION

BAKER, Judge.

The State of Indiana appeals a reserved question of law pursuant to Indiana Code section 35–38–4–2(5) regarding the trial court's decision on a motion to suppress. Specifically, the State argues that the trial court erred in suppressing statements made by appellee-defendant Lowell Necessary at the time of his arrest and the fruit of any search of his person or personal effects pursuant to the Fourth Amendment of the United States Constitution and Article 1, section 11 of the Indiana Constitution. Finding that Necessary was neither interrogated nor unlawfully searched, we reverse the decision of the trial court.

### FACTS

On January 25, 2001 Officer John Miller of the Richmond Police Department was dispatched to an accident in Wayne County. When he arrived, he found an overturned vehicle in the roadway and various emergency personnel on the scene. A member of the Richmond Fire Department presented Necessary to Officer Miller and told the officer that Necessary had driven his vehicle off the roadway. Necessary added that he had been forced off the road by another vehicle. The fire official informed Officer Miller that Necessary had been drinking, and Officer Miller noticed that Necessary was unsteady on his feet and had slurred speech. Without being asked, Necessary volunteered that he and a friend had shared a pitcher of beer earlier that evening.

After he spoke with Necessary, Officer Miller asked Officer Kelly Scott Owens to investigate the possibility that Necessary was operating the vehicle while intoxicated. Officer Owens asked Necessary if he had been drinking, and Necessary said he had drunk two pitchers of beer. Officer Owens then handcuffed Necessary and transported him to a location where Officer Owens asked him to submit to a chemical test by reading him the Indiana Implied Consent Law. Necessary refused, so Officer Owens gave him an opportunity to perform three field sobriety tests (FSTs). Necessary performed one, but would not or could not perform the others. During the administration of the FSTs, Necessary made several incriminating remarks that amounted to excuses for why he could not or would not perform some of the FSTs.

On January 26, 2001, the State charged Necessary with Operating While Intoxicated,[1] a Class A misdemeanor, and Operating While Intoxicated With a Prior Conviction,[2] a Class D felony. On June 19, 2002, Necessary filed a motion to suppress the statements that he made at the scene of the accident, alleging a violation of his Fifth Amendment rights under the United States Constitution. The trial court held a hearing on the matter on October 29, 2002, and denied Necessary's motion on December 10, 2002. Necessary then filed a second motion to suppress his statements and the results of the FSTs, alleging violations of his Fourth Amendment rights under the United States Constitution because he did not receive the *Miranda* warnings and his rights under Article 1, section 11 of the Indiana Constitution because the FSTs constituted an unlawful search. The trial court granted this motion with respect to the FST results only on June 16, 2003, and directed the State not to use the administration or the results of the FSTs in its case in chief.[3]

The State thereafter filed a motion to dismiss, advising the trial court that it did not have sufficient evidence to proceed to trial following the suppression of the FSTs. The trial court granted that motion on June 23, 2003, and the State now appeals.

### DISCUSSION AND DECISION

In analyzing the State's claim of error, we note that Necessary has failed to file an appellee's brief. When an appellee fails to submit a brief, we need not undertake the burden of developing an argument for the him. *State v. Isaacs*, 794 N.E.2d 1120, 1122 (Ind.Ct.App.2003). Indiana courts apply a less stringent standard of review with respect to showings of reversible error when an appellee fails to file a brief. *Id.* Hence, we may reverse the trial court if an appellant establishes prima facie error. *Id.* Prima facie error is defined as "at first sight, on first appearance, or on the face of it." *Knowles & Assoc. LLC v. Cook*, 784 N.E.2d 1063, 1066 (Ind.Ct.App.2003).

In *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the United States Supreme Court held that "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demon-

---

1. Ind.Code § 9–30–5–2.

2. I.C. § 9–30–5–3.

3. We note that the State failed to provide a copy of this order in the Appellant's Appendix. We remind the State that Indiana Appellate Rule 50(2)(b) requires the appendix to include "the appealed judgment or order, including any written opinion, memorandum of decision, or findings of fact and conclusions thereon relating to the issues raised on appeal."

strates the use of procedural safeguards effective to secure the privilege against self-incrimination." These procedural safeguards include an advisement to the accused that he has the right to remain silent, that anything he says can be used against him, that he has the right to an attorney, and that if he cannot afford an attorney one will be appointed for him. *Id.* at 479, 86 S.Ct. 1602. However, these warnings are only required where a suspect is both in custody and subjected to interrogation. *Rhode Island v. Innis,* 446 U.S. 291, 300, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). The type of interrogation that triggers the warnings includes "any words or actions on the part of the police ... that the police should know are reasonably likely to elicit an incriminating response." *Id.* at 301, 100 S.Ct. 1682; *White v. State,* 772 N.E.2d 408, 412 (Ind.2002).

■ Furthermore, our supreme court held in *Pirtle v. State,* 263 Ind. 16, 323 N.E.2d 634 (1975) that a person, once arrested, must receive the *Miranda* warnings before he can consent to be searched. However, the *Miranda* warnings only need to be given when the accused consents to an unlimited search because he must be fully informed of the constitutional rights he is waiving. *Ackerman v. State,* 774 N.E.2d 970, 981 (Ind.Ct.App. 2002). The *Ackerman* court found that FSTs are qualitatively different from general, unlimited searches because "FSTs are non-invasive and take little time to administer. More importantly, in our view, FSTs are narrow in scope and are unlikely to reveal any incriminating evidence other than impairment." *Id.* at 981–82. The *Ackerman* court went on to "hold that police are not required to advise a person in custody that she may consult with an attorney before administering FSTs." *Id.* at 982.

■ The record clearly demonstrates that Necessary was in custody when he made incriminating statements. He had been handcuffed and removed by the police to another area in order to administer a chemical test and FSTs. The relevant question is whether he was interrogated by the police. At the time that Necessary told Officer Miller that he and a friend had shared a pitcher of beer, Officer Miller had not yet spoken to him, nor was Necessary yet in handcuffs. Necessary offered that information after the fire official told Officer Miller that Necessary had been drinking. Oct. 29, 2002 hearing Tr. p. 5. Necessary made further incriminating statements while he was listening to instructions on how to perform various FSTs after he had been placed in custody. Ex. A. None of these statements were made in response to interrogation. The record demonstrates that the statements were offered voluntarily, and, thus, the *Miranda* warnings were not a prerequisite to their admission.

The State further argues that the results of Necessary's FSTs should not have been suppressed because the *Miranda* warnings were not required before the performance of the FSTs. Necessary correctly argued in his motion to suppress that FSTs constitute a search. Appellant's App. p. 56 (citing *Ackerman* 774 N.E.2d at 980). However, as stated above, police are not required to advise a person in custody that she may consult with an attorney before administering FSTs. *Ackerman,* 774 N.E.2d at 982. For the same reasons that persuaded the *Ackerman* court that a defendant does not need to be told of his right to an attorney before taking FSTs, we now find that none of the *Miranda* warnings must be given to a defendant before the police administer FSTs. The same result obtains where, as here, a defendant had not received the *Miranda* warnings prior to taking the FSTs. That

fact alone does not operate to exclude the administration or the results of Necessary's FSTs from being introduced at trial. Therefore, the trial court erred in granting Necessary's motion to suppress.

We reverse the decision of the trial court.

NAJAM, J., and MAY, J., concur.