Walter BREINING, as attorney-in-fact for Raymond Breining, Appellant–Plaintiff,

v.

Richard HARKNESS, Appellee–Defendant.

No. 49A04–0611–CV–649.

Court of Appeals of Indiana.

Aug. 21, 2007.

Curtis E. Shirley, Indianapolis, IN, Attorney for Appellant.

Philip D. Burroughs, Jonathan E. Palmer, Cremer Burroughs & Cremer, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Plaintiff Walter Breining ("Walter"), as attorney-in-fact for Raymond Breining ("Raymond"), now deceased,[1] appeals a grant of summary judgment in favor of Appellee–Defendant Richard Harkness ("Harkness") upon a claim against Harkness for conversion.

---

1. Indiana Code Section 30–5–5–11 authorizes a person having power-of-attorney to assert and prosecute a lawsuit on behalf of the principal.

We affirm the grant of summary judgment, reverse the denial of attorney's fees, and remand for a hearing on attorney's fees.

### Issues

Walter raises the sole issue of whether the trial court properly granted summary judgment to Harkness.

Harkness cross-appeals and alleges that the trial court erred by denying him attorney's fees.[2]

### Facts and Procedural History

Raymond and Juanita Breining ("Juanita") were married for twenty-six years before Raymond's death on February 16, 2007. On September 6, 1999, by a Durable Power–of–Attorney, Raymond appointed Juanita as his attorney-in-fact. For several years prior to Raymond's death, he and Juanita lived in Hooverwood Nursing Home in Indianapolis. The spouses were physically frail, but neither had been declared mentally incompetent.

Walter is Raymond's son from a prior marriage and Harkness is Juanita's son from a prior marriage.

Beginning in May of 2004, Juanita tendered to Harkness four checks totaling $172,500.00, drawn upon a joint checking account belonging to her and Raymond. Harkness deposited the checks into his bank account. On May 20, 2004, Raymond executed a Durable Power–of–Attorney naming Walter as his attorney-in-fact. On November 10, 2004, Walter filed a conversion claim against Harkness.

On August 22, 2005, Harkness moved for summary judgment. The parties filed several opposing motions with respect to discovery and admissibility of materials. Ultimately, the trial court struck Juanita's affidavit and substantive portions of Walter's affidavit. Harkness propounded interrogatories upon Juanita, and designated her responses as materials in support of summary judgment. Walter sought to depose Juanita. On September 30, 2005, the court issued a protective order so that Juanita would not be orally deposed due to her frailty. On April 6, 2006, the court ordered that Walter submit questions for Juanita in writing, pursuant to Indiana Trial Rules 31 (deposition on written questions) and 33 (interrogatories). Walter declined to do so, contending that such would not constitute effective cross-examination.

On July 20, 2006, the trial court conducted a summary judgment hearing. At the summary judgment hearing, Walter's counsel conceded that the funds at issue had been fully expended and "for the most part" were spent on bills from Hooverwood.[3] (Tr. 36.) However, counsel expressed a desire to proceed with a jury trial because "this money [was] going to somebody who shouldn't have it" and "a substantial amount of this money was used for personal benefit." (Tr. 37, 39.)

---

2. Harkness also argues that Walter's appointment as Raymond's attorney-in-fact was void due to Raymond's incapacity, based upon a deemed admission by Walter that Raymond, at the date of the appointment, was unable to provide self care or manage his property. Because we affirm the grant of summary judgment, we need not address this issue, particularly in light of the fact that Harkness has filed no action to set aside the Durable Power–of–Attorney.

3. An exchange between the court and Walter's counsel at the summary judgment hearing indicates that Harkness provided Walter with an accounting of sums expended, which counsel characterized as "not a full accounting." (Tr. 39.) The accounting was provided prior to the transfer of remaining funds to the trust account of counsel for Harkness. Thereafter, counsel provided an additional accounting relative to sums expended from the trust account.

On July 26, 2006, Walter filed "Breining's Supplemental Evidence to Show Juanita's Affidavit Should Not be Considered." (App.453.) Harkness moved to strike the submission, consisting of a Medicaid denial and financial affidavits from Harkness and Juanita. On August 30, 2006, Harkness was granted summary judgment, but denied attorney's fees. The motion to strike the materials submitted on July 26, 2006 was also denied. This appeal ensued.

### Discussion and Decision

#### A. Summary Judgment Standard of Review

Pursuant to Rule 56(C) of the Indiana Rules of Trial Procedure, summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. When we review a grant of summary judgment, our standard of review is the same as that of the trial court. *Shambaugh & Son, Inc. v. Carlisle,* 763 N.E.2d 459, 461 (Ind.2002). We consider only those facts that the parties designated to the trial court. *Id.* The Court must accept as true those facts alleged by the nonmoving party, construe the evidence in favor of the nonmovant, and resolve all doubts against the moving party. *Id.*

A trial court's order on summary judgment is cloaked with a presumption of validity; the party appealing from a grant of summary judgment must bear the burden of persuading this Court that the decision was erroneous. *Indianapolis Downs, LLC v. Herr,* 834 N.E.2d 699, 703 (Ind.Ct. App.2005), *trans. denied.* We may affirm the grant of summary judgment upon any basis argued by the parties and supported by the record. *Payton v. Hadley,* 819 N.E.2d 432, 437 (Ind.Ct.App.2004). However, Trial Rule 56(H) specifically prohibits this Court from reversing a grant of summary judgment on the ground that

there is a genuine issue of material fact, unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court. *AutoXchange.com, Inc. v. Dreyer and Reinbold, Inc.,* 816 N.E.2d 40, 45 (Ind.Ct.App.2004).

#### B. Analysis

At the outset, we note that each party complains about the trial court's evidentiary rulings. Walter contends that portions of his affidavit were improperly stricken, and that the trial court should have stricken interrogatory responses from Juanita, not just her affidavit. On the other hand, Harkness complains that the trial court should have allowed Juanita's affidavit and should have stricken in its entirety supplemental evidence filed by Walter on July 26, 2006.

■ Inadmissible hearsay contained in an affidavit may not be considered in ruling on a summary judgment motion. *See Newell v. Standard Land Corp.,* 156 Ind.App. 597, 603, 297 N.E.2d 842, 846 (1973). Only two people had first-hand knowledge of the transfer at issue: Juanita, the transferor, and Harkness, the transferee. Inasmuch as Walter lacked personal knowledge of the transaction at issue, and attempted to introduce hearsay and legal conclusions through his affidavit, the substantive portions of his affidavit were properly stricken.

■ Walter also asserts that all evidence in any form from Juanita should have been stricken because he was denied a "due process right of cross-examination." Appellant's Brief at 16. He has presented no citation to relevant authority suggesting that a right of cross-examination is embodied within Indiana Trial Rule 56. Moreover, Walter failed to follow the trial court's directive to propound questions to Juanita by the use of interrogatories or questions upon oral deposition. He does

not explain why interrogatories or written deposition questions could not be used to test the veracity of any interrogatory responses previously made by Juanita and designated by Harkness. Instead, Walter admits that he unilaterally decided that the procedure was futile and in derogation of his due process rights. The doctrine of invited error, grounded in estoppel, provides that a party may not take advantage of an error that he commits, invites, or which is the natural consequence of his own neglect or misconduct. *Witte v. Mundy ex rel. Mundy*, 820 N.E.2d 128, 133 (Ind.2005). The trial court did not err in refusing Walter's request to strike all evidence emanating from Juanita. In reviewing the propriety of summary judgment, we will not exclude Juanita's answers to interrogatories.[4]

On the other hand, we will not consider Walter's submission of summary judgment materials after the summary judgment hearing was concluded, as he did not timely designate those materials in opposition to the motion for summary judgment. *See Bourbon Mini-Mart, Inc. v. IDEM*, 806 N.E.2d 14, 23 n. 5 (Ind.Ct.App.2004). We now proceed with our examination of the properly designated materials.

■ Walter alleged that Harkness committed theft and conversion, and sought recovery pursuant to Indiana Code Section 34–24–3–1, which permits a victim of certain crimes to bring a civil action for treble damages. A criminal conviction for conversion is not a condition precedent to recovery in a civil action for conversion. *State v. Ziliak*, 464 N.E.2d 929, 930 (Ind. Ct.App.1984). Rather, a claimant must merely prove commission of the crime by a preponderance of the evidence. *Id.*

To show that Harkness committed the crime of conversion, Walter would need to establish that Harkness knowingly or intentionally exerted unauthorized control over Raymond's property. *See* Ind.Code § 35–43–4–3. To show that Harkness committed the crime of theft, Walter would need to establish that Harkness knowingly or intentionally exerted unauthorized control over Raymond's property, with intent to deprive Raymond of any part of its value or use. *See* Ind.Code § 35–43–4–2(a).

A party seeking summary judgment bears the burden to make a prima facie showing that there are no genuine issues of material fact and that the party is entitled to judgment as a matter of law. *Am. Mgmt., Inc. v. MIF Realty, L.P.*, 666 N.E.2d 424, 428 (Ind.Ct.App.1996). Once the moving party satisfies this burden through evidence designated to the trial court pursuant to Trial Rule 56, the non-moving party may not rest on its pleadings, but must designate specific facts demonstrating the existence of a genuine issue for trial. *Id.* To prevail on summary judgment, it was incumbent upon Harkness to designate evidence negating one or more elements of Walter's claims.

■ Here, Harkness established his entitlement to judgment as a matter of law because he showed that his control was authorized. Juanita, a co-owner of the checking account funds, with a present right to withdraw them, transferred them to Harkness.[5] Juanita authorized

4. The trial court indicated that he decided to strike Juanita's affidavit because of concerns about her competency, concerns that were later obviated by an affidavit from the attorney present when she responded to interrogatories. To the extent that the exclusion of Juanita's affidavit may have been error, it was harmless error, because the substance of the affidavit was substantially similar to the substance of the responses to interrogatories.

5. Indiana Code Section 32–17–11–7(a) defines a party to a multiple party account as a "per-

Harkness to receive the funds at issue by issuing three checks payable to him and endorsing a fourth check over to him. Juanita's explanation in interrogatories of the reasons for the transfer of funds (Walter received other funds for Raymond's care and she anticipated Harkness would expend sums for her benefit) are illuminating, yet it is not necessary to know her motivation. It is sufficient that Harkness received funds transferred to him by the voluntary actions of a co-owner of those funds.

Harkness negated an element of the theft and conversion statutes by showing that he did not exert "unauthorized" control over the funds. Walter has never contended that Harkness received the funds in any manner other than properly negotiable checks given to him by Juanita. Walter did not come forward with sufficient designated materials to show that Harkness's control was unauthorized such that he could have been found by a preponderance of the evidence to have criminally converted or stolen the funds. Indeed, all the properly designated materials point to the same conclusion—Juanita withdrew funds from her joint account with Raymond and transferred them to Harkness.

Despite Walter's implicit argument that Juanita lacked authority to transfer any funds exceeding her direct contribution to the checking account, we observe that he has filed no civil claim against Juanita. Moreover, Raymond and Juanita were not parties to a dissolution of marriage action, which might arguably include some allegation of dissipation of marital assets. In short, it appears that the spouses remained married and held a joint asset with each spouse having a right to issue checks. One spouse exercised that right. The recipient of the checks took them at the drawer's behest and, by all accounts, spent funds primarily for the medical needs of his mother and stepfather. Under these circumstances, the recipient of the checks cannot be liable for conversion.

Harkness is entitled to judgment as a matter of law upon the conversion claim.

## II. Attorney Fees Hearing

Harkness sought attorney's fees from Walter on the basis that Walter continued to pursue a groundless action after it became apparent that Harkness had not committed conversion and had expended funds to pay the medical bills of Juanita and Raymond.[6] At the outset of the summary judgment hearing, counsel for Harkness advised the trial court that a motion for attorney's fees had been filed and indicated he "presumed ... an evidentiary hearing [would be held] at some other point in the future." (Tr. 4.) Counsel also advised the trial court that the parties had filed two motions to strike. The trial court responded, "why don't we just cover the motions to strike in your arguments for summary judgment." (Tr. 4.) The trial court did not set the issue of attorney's fees for hearing at a later date or indicate that no hearing would be conducted. In

son who, by the terms of the account, has a present right, subject to request, to payment from a multiple party account."

**6.** Indiana Code Section 34–52–1–1(b) provides:

In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:

(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3) litigated the action in bad faith.

the summary judgment order, the trial court summarily denied the request for attorney's fees. Harkness requests that we remand the matter for a hearing on attorney's fees.

Indiana adheres to the "American Rule" with respect to the payment of attorney fees, which requires each party to pay his or her own attorney fees absent an agreement between the parties, statutory authority, or rule to the contrary. *Courter v. Fugitt,* 714 N.E.2d 1129, 1132 (Ind.Ct.App. 1999). Indiana Code Section 34–52–1–1(b) provides for the payment of attorney fees when a litigant has pursued a claim or defense that is frivolous, unreasonable or groundless.

We review de novo the trial court's legal conclusion that a party litigated in bad faith or pursued a frivolous, unreasonable or groundless claim or defense, and then review the trial court's decision to award attorney fees and the amount thereof under an abuse of discretion standard. *Kahn v. Cundiff,* 533 N.E.2d 164, 167 (Ind.Ct.App.1989). A claim or defense is "frivolous" if it is taken primarily for the purpose of harassment, if the attorney is unable to make a good faith and rational argument on the merits of the action, or if the lawyer is unable to support the action taken by a good faith and rational argument for an extension, modification, or reversal of existing law. A claim or defense is "unreasonable" if, based on the totality of the circumstances, including the law and the facts known at the time of filing, no reasonable attorney would consider that the claim or defense was worthy of litigation. A claim or defense is "groundless" if no facts exist which support the legal claim presented by the losing party. *Id.* at 170–71.

A trial court is not required to find an improper motive to support an award of attorney fees; rather, an award

may be based solely upon the lack of a good faith and rational argument in support of the claim. *Id.* at 171.

Here, Walter alleged a claim for conversion that lacked a factual basis. It was uncontroverted that Juanita transferred funds to Harkness from her joint checking account with Raymond; Harkness did not convert the funds because he did not exert unauthorized control. At the summary judgment hearing, Walter conceded that the funds transferred from Juanita to Harkness had largely been expended in payments to Hooverwood. He was unable to make a good faith argument to support his continued insistence upon a jury trial to litigate the conversion claim and his demand for treble damages. Thus, Harkness established the propriety of an award of attorney's fees incurred when he was forced to continue to litigate a groundless claim. The trial court abused its discretion in summarily denying Harkness's motion for attorney's fees. Harkness established the propriety for an award of attorney fees; we remand for a hearing to determine the appropriate amount of the award.

## Conclusion

Harkness is entitled to judgment as a matter of law upon the conversion claim. He is also entitled to reasonable attorney's fees.

Affirmed in part, reversed in part, and remanded for further proceedings.

BAKER, C.J., and VAIDIK, J., concur.