**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 11 2012, 9:18 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANTS:

**PETER CAMPBELL KING**
Cline, King & King, P.C.
Columbus, Indiana

**J. THOMAS HURLEY**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**THEODORE J. NOWACKI**
**BRIAN S. JONES**
Bose McKinney & Evans LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM ADAMS and PATRICIA ADAMS, | ) | |
| | ) | |
| Appellants-Defendants/Counterplaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 18A02-1202-MF-96 |
| | ) | |
| CHASE HOME FINANCE, LLC, | ) | |
| | ) | |
| Appellee-Plaintiff/Counterdefendant. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable John M. Feick, Judge
Cause No. 18C04-1009-MF-101

**September 11, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

William Adams and Patricia Adams ("the Adamses") appeal the trial court's entry of summary judgment in favor of Chase Home Finance, LLC ("Chase").[1] Chase filed a complaint to foreclose on a mortgage and promissory note secured by certain real property located in Delaware County against Danny Slusher, the mortgagor and promisor. Chase also named the Adamses, among others, as defendants due to the possibility that the Adamses would claim an interest in the mortgaged property. The Adamses responded with affirmative defenses and a counterclaim against Chase alleging that Chase breached the standard of care for a reasonable and responsible mortgage lender when issuing a mortgage to Slusher. Specifically, the Adamses claimed that Slusher was not the true owner of the property, and therefore Chase negligently issued the mortgage. Chase moved for summary judgment as to the Adamses' counterclaim arguing that, as a matter of law, it cannot be liable to a third party, such as the Adamses, for negligent lending. Following a hearing, the trial court entered summary judgment in favor of Chase on the Adamses' counterclaim. Concluding that no genuine issue of material fact remains regarding the Adamses' counterclaim, and that judgment as a matter of law is appropriate, we affirm summary judgment in favor of Chase.

**Facts and Procedural History**

The following is a recitation of both material and nonmaterial facts for purposes of background and context. On August 30, 2001, the Hamilton Superior Court entered

---

[1] JPMorgan Chase Bank, N.A., is successor by merger to Chase Home Finance, LLC.

2

judgment in favor of the Adamses and against William E. Smith, Joanne Smith, Danny J. Smith, Steve Smith, Westbrook Management Group, Inc., and United Group (collectively "the Smiths") for three counts of corrupt business influence and one count each of fraud, deception, theft, common law fraud, constructive fraud, and breach of contract for a total of $9,635,967.04 in damages. Appellants' App. at 307-10. Since obtaining judgment, the Adamses have attempted to collect from the Smiths by instituting two proceedings supplemental in Hamilton County to enforce their judgment. [2]

In January 2004, Slusher and an individual named Ronald Gross purchased real property located at 8989 North Shaffer Road in Muncie ("the Property") for a purchase price of $855,000. [3] The Property was conveyed to Slusher and Gross by CitiMortgage, Inc., pursuant to a corporate warranty deed. To finance the transaction, Slusher and Gross obtained a mortgage from HLB Mortgage in the amount of $798, 500. [4] Because Slusher and Gross were not in Indiana at the time of the closing, William Smith and Jeffrey Smith executed the closing documents on their behalf through powers of attorney. Then, in April 2005, Slusher and Gross refinanced the existing loan and obtained a $1.5 million mortgage on the Property from Custom Mortgage Solutions. Slusher and Gross signed the closing

---

[2] Judgment creditors in Indiana have long relied on proceedings supplemental to execution to help enforce judgments. *Rose v. Mercantile Nat'l Bank of Hammond*, 868 N.E.2d 772, 775 (Ind. 2007).

[3] Chase provides this purchase amount in its appellee's brief and directs us to an exhibit in the record for support. Appellee's Br. at 2. The exhibit, however, does not contain this number, and we are unaware what evidence Chase is relying upon for this figure. Nevertheless, we provide the unverified amount as part of the nonmaterial factual background.

[4] Again, this amount is not supported by the cited exhibit and cannot be verified. Indeed, the cited exhibit indicates that the initial mortgage indebtedness was, in fact, $200,000. Appellants' App. at 136.

documents themselves. The day of closing, Custom Mortgage Solutions assigned the mortgage loan to Chase.

On May 10, 2006, Slusher refinanced the $1.5 million loan at a lower interest rate. Again, William Smith signed the mortgage documents on Slusher's behalf pursuant to a power of attorney. Two days later, Gross transferred his interest in the property to Slusher by a gift deed. That transfer was signed for Gross by William Smith, under a power of attorney. Thereafter, on January 8, 2007, Gross transferred his interest in the property to Slusher by means of a quitclaim deed, which was recorded on January 11, 2007.

In August 2009, the Adamses filed a fraud complaint against the Smiths and Slusher in the Delaware Circuit Court, under cause number 18C04-0908-MI-51 ("Cause 51"), alleging that the Smiths owned the Property and that Slusher was just a "straw man" trying to hide the true ownership of the Property from the valid collection efforts of the Adamses as judgment creditors of the Smiths. *Id*. at 304. That cause is still pending.[5]

At all relevant times, the Smiths have lived on the Property rent free. Although Slusher does not live on the Property, he made the required mortgage payments over the years. The last payment received by Chase was for the payment due January 1, 2010.

---

[5] The Delaware Circuit Court dismissed the Adamses' fraud complaint on collateral estoppel grounds in January of 2010. On appeal, this Court reversed the dismissal and remanded for further proceedings in an unpublished memorandum decision in *Adams v. Smith*, No. 18A04-1002-MI-65 (Ind. Ct. App. Aug. 24, 2010).

On September 14, 2010, Chase filed a complaint on note and to foreclose mortgage on real estate in the Delaware Circuit Court.[6] In addition to Slusher, Chase joined several defendants, including the Adamses, due to the interest "which they may claim in the mortgaged property." *Id*. at 17. The Adamses answered the complaint with affirmative defenses and a counterclaim. Specifically, the Adamses' affirmative defenses and counterclaim against Chase alleged that the Smiths were the true owners of the Property and therefore Chase breached the standard of care for a reasonable and responsible mortgage lender when it issued a mortgage on the Property to Slusher.

Chase filed a motion for summary judgment and designation of evidence in support arguing that summary judgment was appropriate as to the Adamses' affirmative defenses and counterclaim for negligence against Chase. The Adamses responded with their own designation of evidence in opposition to summary judgment. A hearing was held on January 5, 2012. Thereafter, on January 12, 2012, the trial court granted summary judgment in favor of Chase on the Adamses' counterclaim. In addition, finding no just reason for delay, the court entered a final appealable judgment. This appeal ensued.

## Discussion and Decision

Our standard of review for a trial court's order granting a motion for summary judgment is well settled. We apply the same standard as the trial court and determine whether there is a genuine issue of material fact and whether the moving party is entitled to

---

[6] Although the cases involve different parties and different attorneys, upon the Adamses' motion, the Delaware Circuit Court consolidated the instant case and Cause 51 for the purpose of discovery only. Appellant's App. at 5, 271.

5

judgment as a matter of law. *Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 973 (Ind. 2005); Ind. Trial Rule 56(C). "An appellate court reviewing a trial court summary judgment ruling likewise construes all facts and reasonable inferences in favor of the non-moving party and determines whether the moving party has shown from the designated evidentiary matter that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law." *Dugan v. Mittal Steel USA Inc.*, 929 N.E.2d 184, 186 (Ind. 2010). A factual issue is material for purposes of Trial Rule 56(C) if it bears on the ultimate resolution of a relevant issue. *Bushong v. Williamson*, 790 N.E.2d 467, 474 (Ind. 2003). Thus, despite conflicting facts and inferences on some elements of a claim, summary judgment may be proper where there is no dispute or conflict regarding a fact that is dispositive of the claim. *Id.* Factual disputes that are irrelevant or unnecessary will not be considered. *Jarvis Drilling, Inc. v. Midwest Oil Producing Co.*, 626 N.E.2d 821, 825 (Ind. Ct. App. 1993), *trans. denied* (1994).

A trial court's order on summary judgment is cloaked with a presumption of validity; the party appealing from the grant of summary judgment must bear the burden of persuading this Court that the decision was erroneous. *Breining v. Harkness*, 872 N.E.2d 155, 158 (Ind. Ct. App. 2007), *trans. denied* (2008). "We may affirm the grant of summary judgment upon any basis argued by the parties and supported by the record." *Id.*

In the instant case, Chase moved for summary judgment regarding the Adamses' counterclaim against Chase for negligence. We begin by noting that the Adamses are neither parties to the mortgage in question nor are they judgment creditors of Slusher, the mortgagor

6

and record title holder to the Property. Instead, the Adamses are third-party judgment creditors of the Smiths, individuals who lived on the Property but did not legally own or have title to the Property. In their counterclaim, the Adamses claimed that Chase "unreasonably" granted a mortgage to Slusher by failing to reasonably conduct "due diligence in the mortgage process involving this transaction" and "to grant a mortgage to the true owner in fact of the real estate." Appellants' App. at 54-55. They claimed that Chase "breached the standard of care for a reasonable and responsible mortgage lender when issuing a mortgage" to Slusher, thereby proximately causing damage to the Adamses by "impairing the ability" of the Adamses to lawfully execute and collect on their judgment against the Smiths. *Id*.

In its motion for summary judgment, Chase argued that Indiana does not recognize a cause of action for "negligent lending," and therefore Chase is entitled to judgment as a matter of law on the Adamses' counterclaim. *Id*. at 107. Accordingly, the narrow question before the trial court, and now this Court, is whether the Adamses can challenge the validity of Chase's mortgage with Slusher through a claim of negligence. To recover on a theory of negligence, a plaintiff must establish three elements: (1) a duty on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff, (2) a failure of the defendant to conform his conduct to the requisite standard of care required by the relationship, and (3) an injury to the plaintiff proximately caused by the breach. *Webb v. Jarvis*, 575 N.E.2d 992, 995 (Ind. 1991).

Summary judgment is particularly appropriate when the court determines that no duty exists because, absent a duty, there can be no breach and, therefore, no negligence. *Reed v.*

*Beachy Constr. Corp.*, 781 N.E.2d 1145, 1148 (Ind. Ct. App. 2002), *trans. denied* (2003).

The Adamses have asserted no facts to support a finding of a duty in negligence arising from any relationship between themselves and Chase.[7] As stated, the Adamses are strangers to the mortgage. Indeed, the Adamses concede that Indiana has never recognized a claim which would allow a borrower, much less a third-party stranger to a mortgage, to assert a claim of negligence against a mortgage lender for negligent lending.

Nevertheless, the Adamses ask that we construe their counterclaim under Indiana Trial Rule 8(F), "so … as to do substantial justice, lead to disposition on the merits, and avoid litigation of procedural points." Accordingly, on appeal, the Adamses attempt to recharacterize their counterclaim as a claim of fraud or an action to set aside a fraudulent conveyance as opposed to a claim of negligence. However, this attempt to wholly recharacterize their claim on appeal is spurious at best. Upon our review of the counterclaim itself, as well as the transcript of the summary judgment hearing, there is no question that the Adamses' claim against Chase sounded in negligence and negligence alone. Their counsel conceded as much during the summary judgment hearing. *See* Tr. at 13, 18 ("[Cause 51] is all about fraud. Not the case here.") We will not entertain the Adamses' novel equitable claim on appeal to "set aside a fraudulent conveyance." Appellants' Reply Br. at 12. This was not a theory presented to the trial court. When challenging an adverse grant of summary

---

[7] The Adamses suggest that we recognize a very broad duty for Chase by arguing that "the law should as a matter of public policy protect judgment creditors from bank foreclosure actions involving outright fraud clams and title manipulation…." Appellants' App. at 289. However, as noted earlier, the Adamses are not judgment creditors of Slusher, the mortgagor. We are not persuaded that the Adamses are in the class of persons to whom such broad protection, if it did exist, would extend.

judgment, a party cannot rely upon a theory that was not properly before the trial court. *Otto v. Park Garden Assoc.*, 612 N.E.2d.135, 139 (Ind. Ct. App. 1993), *trans. denied*. As stated, the Adamses' claim against Chase sounded in negligence. The trial court properly concluded that the Adamses' negligence claim against Chase fails as a matter of law.

The Adamses maintain that a material question of fact remains as to whether the Smiths had any ownership interest in the Property. However, this assertion is essentially nonresponsive to the current summary judgment proceeding regarding their counterclaim for negligence. It bears repeating, however, that the Adamses are third-party strangers to the mortgage and are now attempting to assert a right to the property that, if the right did exist, would belong to the Smiths. As noted by Chase, the Adamses were joined as defendants in this foreclosure "out of an abundance of caution" in the event that they would claim an interest in the Property. Appellants' App. at 114. The Adamses' standing at that point can be described as follows:

> [a] proceeding to foreclose a mortgage is essentially a proceeding in rem; and, in actions of this character, which seek to establish a right or interest in the thing which is the subject-matter of the litigation, all who are made parties defendant thereto, and challenged by the plaintiff therein to assert their rights, are bound to assert every then existing fact which would defeat the plaintiff's action, and are forever concluded by a finding and judgment in favor of the plaintiff as to all such facts, and this has been the law in this state, since the case of *Fischli v. Fischli,* 1 Blackf. 360, 12 Am. Dec. 251.

*Centex Home Equity Corp. v. Robinson*, 776 N.E.2d 935, 946-47 (Ind. Ct. App. 2002) (quoting *Pilliod v. Angola Ry. & Power Co.*, 46 Ind. App. 719, 91 N.E. 829, 832 (1910)), *trans. denied*. Once joined as defendants to the foreclosure, the Adamses were challenged to

9

assert their rights to the Property. Instead, the Adamses responded with a negligence claim against Chase, which we have determined fails as a matter of law.

By continually citing the convoluted procedural history and nonmaterial facts of this case and Cause 51, the Adamses attempt to create an issue of fact where none exists. We acknowledge the Adamses' frustration as judgment creditors of the Smiths. Nevertheless, that does not change their standing, or lack thereof, in the current mortgage foreclosure action. They are merely third-party judgment creditors of individuals who are neither the mortgagors nor the owners of record and who have not claimed any interest in the mortgaged property. The Adamses have not met their burden to persuade this Court that the trial court's entry of summary judgment on their counterclaim for negligence was erroneous.[8] Therefore, we affirm the judgment of the trial court.

Affirmed.

RILEY, J., and BAILEY, J., concur.

---

[8] We note that, in the still pending fraud case against Slusher and the Smiths, Cause 51, the trial court granted the Adamses a "writ of attachment" on the Property which was recorded lis pendens on January 31, 2011. "The purpose of lis pendens or notice of lis pendens is to give effective notice to third persons of pendency of litigation affecting property…" *UFG, LLC v. Sw. Corp.*, 784 N.E.2d 536, 545 (Ind. Ct. App. 2003) (citations omitted), *trans. denied*. However, the notice of lis pendens was filed five months after Chase filed its complaint to foreclose and nearly five years after Chase and Slusher executed the mortgage upon which the foreclosure is based.

10