Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 18 2013, 6:23 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**LYN LEONE**
Notre Dame, Indiana

**STEPHEN L. ESLINGER**
South Bend, Indiana

ATTORNEYS FOR APPELLEES
SEAN J. COLEMAN, OFFICE OF
ST. JOSEPH TREASURY, AMERICAN
FINANCIAL CREDIT SERVICES, INC.,
ST. JOSEPH TREASURY, ST. JOSEPH
COUNTY, and ST. JOSEPH COUNTY
COMMISSIONERS:

**JAMES F. GROVES**
**DAVID E. BALLARD**
Lee, Groves & Zalas
South Bend, Indiana

ATTORNEYS FOR APPELLEE/
INTERVENOR ATTORNEY GENERAL
OF INDIANA:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**FRANCES BARROW**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LAKE SHORE ESTATES MHC, LLC, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 71A05-1210-PL-512 |
| | ) | |
| MICHAEL H. LANE, MICHAEL L. LANE, | ) | |
| EMILY LANE, SEAN J. COLEMAN, Individually | ) | |
| and in his Official Capacity as St. Joseph County | ) | |
| Treasurer, OFFICE OF ST. JOSEPH TREASURY, | ) | |
| AMERICAN FINANCIAL CREDIT SERVICES, | ) | |
| INC., ST. JOSEPH TREASURY, ST. JOSEPH | ) | |

COUNTY, and ST. JOSEPH COUNTY            )
COMMISSIONERS,                           )
                                         )
    Appellees-Defendants,                )
                                         )
        and                          )
                                         )
ATTORNEY GENERAL OF INDIANA,             )
                                         )
    Appellee-Intervenor.                 )

---

APPEAL FROM THE ST. JOSEPH CIRCUIT COURT
The Honorable Michael G. Gotsch, Judge
Cause No. 71C01-1008-PL-159

---

**June 18, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Lake Shore Estates MHC, LLC ("Lake Shore"), rents lots in its Mishawaka mobile home park to tenants who own their own mobile homes. A trio of tenants failed to pay rent, failed to pay personal property taxes on their mobile home, and then abandoned the home on Lake Shore's property. Lake Shore sued the tenants for eviction and back rent. In the past, Lake Shore had paid delinquent property taxes on abandoned mobile homes to the St. Joseph County Treasurer ("the Treasurer"), who then issued Lake Shore a statutory permit to remove the homes from its property. In this case, however, the tax arrearage amounted to several thousand dollars, which was more than Lake Shore was willing to pay. Consequently, Lake Shore also sued the Treasurer, the Treasurer's collection agent, and various other local

government entities, alleging constitutional takings clause and civil rights violations as well as slander of title. The government defendants and the collection agent filed motions for summary judgment, which the trial court granted. Lake Shore now appeals, and we affirm.

<h2 align="center">Facts and Procedural History[1]</h2>

The relevant facts are undisputed. Lake Shore owns a mobile home park in Mishawaka and rents lots to tenants who own their own mobile homes. In March 1995, Lake Shore signed a rental agreement for Lot 53 with Michael H. Lane, Michael J. Lane, and Emily Lane ("the Lanes"). The Lanes defaulted on their rental agreement. In late 2008, Lake Shore sued the Lanes for eviction and nonpayment of rent in small claims court. At some point, the Lanes abandoned their mobile home.

Unbeknownst to Lake Shore, the Lanes had also failed to pay the personal property taxes on their mobile home for several years. Indiana Code Section 6-1.1-7-10 provides,

> (a) A mobile home may not be moved from one location to another unless the owner or the occupier obtains a permit to move the mobile home from the county treasurer.

> (b) The bureau of motor vehicles may not transfer the title to a mobile home unless the owner obtains a permit to transfer the title from the county treasurer.[2]

---

[1] In its statement of the case, Lake Shore failed to cite to the record or the appendix as required by Indiana Appellate Rule 46(A)(5).

[2] Indiana Code Section 6-1.1-7-10.4 provides, "The owner of a mobile home who sells the mobile home to another person shall provide the purchaser with the permit required by section 10(b) of this chapter before the sale is consummated." Indiana Code Section 6-1.1-7-11(a) provides in pertinent part, "A person who is engaged to move a mobile home may not provide that service unless the owner or occupier presents him with a permit to move the mobile home and the permit is dated not more than one (1) month before the date of the proposed move." A violation of either statute is a class C infraction. Ind. Code §§ 6-1.1-7-14, 6-1.1-7-12.

(c) A county treasurer shall issue a permit which is required to either move, or transfer the title to, a mobile home if the taxes due on the mobile home have been paid. The permit shall state the date it is issued.

Lake Shore asked the Treasurer for a permit to transfer title to the Lanes' mobile home so that it could move the home and lease Lot 53 to new tenants. In May 2009, the Treasurer sent Lake Shore's counsel a letter that reads in pertinent part as follows:

This mobile home is in the name of LANE.

In order to obtain a Mobile home transfer due to abandonment, you will have to provide the original title or proper information. All taxes must be current to date and a pre-pay for 2009 must be made in cash or money order.

| | |
|---|---|
| 2008 taxes are delinquent to date: | $298.87 (paid to our office) |
| You must pre-pay the 2009: | $271.70 (paid to our office) |
| 6 yrs. of Past due (estimated amount until June 30) | $4058.84 (pay to AF only) |

AMOUNTS CHANGE: PLEASE GET CORRECT AMOUNTS FROM AF

Please contact American [F]inancial Credit Service … Please ask for a payoff date & judgment amount.

Appellant's App. at 174. "AF" is American Financial Credit Services, Inc. ("American Financial"), with whom the Treasurer had contracted pursuant to statute to collect delinquent personal property taxes. *See* Ind. Code § 6-1.1-23-1.5(a) ("A county treasurer may enter into a contract, subject to the approval of the county executive, for services that the county treasurer considers necessary for: (1) the administration of this chapter; or (2) the collection of delinquent personal property taxes."). Lake Shore had previously paid delinquent property taxes on other abandoned mobile homes in order to obtain a permit to transfer title, but in this case, according to Lake Shore representative Kristina Blackmon, "the tax-debt payment requirement [was] too egregious a burden for Lake Shore to bear." Appellant's App. at 135.

4

In August 2010, Lake Shore's case against the Lanes was transferred to the plenary docket. Lake Shore filed an amended complaint for damages and injunctive relief, naming the Treasurer, several other local government entities, and American Financial as additional defendants. Among other things, the amended complaint alleged that the government defendants and American Financial "caused what constitutes a judgment lien to exist on [its] real estate due to personal property taxes due and owing" on the Lanes' mobile home, which "has encumbered" Lot 53 and resulted in a slander of title to that lot; and that requiring Lake Shore to pay the Lanes' delinquent property taxes before it could acquire title to and move the mobile home violated its "5th and 14th Amendment constitutional rights of Due Process and property interests as to result in an unconstitutional taking of real property without due process of law[.]" *Id*. at 31, 32, 37.

The government defendants and American Financial filed motions for summary judgment. Lake Shore filed responses thereto, a cross-motion for summary judgment, and a motion for preliminary injunction. After a hearing, in September 2012 the trial court issued an order granting final summary judgment for the government defendants and denying Lake Shore's cross-motion; the order did not address American Financial's motion. The conclusion of the order reads, "Pursuant to statute,[3] this Court certifies to the Attorney General of the State of Indiana that the Plaintiff is challenging the constitutionality of Ind.

---

3 *See* Ind. Code § 34-33.1-1-1(a) ("If the constitutionality of a state statute … affecting the public interest is called into question in an action, suit, or proceeding in any court to which any agency, officer, or employee of the state is not a party, the court shall certify this fact to the attorney general and shall permit the attorney general to intervene on behalf of the state and present: (1) evidence that relates to the question of constitutionality, if the evidence is otherwise admissible; and (2) arguments on the question of constitutionality.").

Code § 6-1.1-7, but that this Court has found the statute scheme to be constitutional both as written and as applied." *Id*. at 14. Later that month, American Financial renewed its motion for summary judgment, which the trial court granted after a second hearing in December 2012.[4] Lake Shore timely appealed both rulings. The Attorney General filed a motion to intervene in this appeal, which was granted.

## Discussion and Decision

Our standard of review in summary judgment cases is well settled.

> When reviewing a grant or denial of a motion for summary judgment our standard of review is the same as it is for the trial court. The moving party bears the initial burden of making a prima facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Summary judgment is improper if the movant fails to carry its burden, but if it succeeds, then the nonmoving party must come forward with evidence establishing the existence of a genuine issue of material fact. In determining whether summary judgment is proper, the reviewing court considers only the evidentiary matter the parties have specifically designated to the trial court. We construe all factual inferences in the non-moving party's favor and resolve all doubts as to the existence of a material issue against the moving party. The fact that the parties have filed cross-motions for summary judgment does not alter our standard for review, as we consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law.

*Reed v. Reid*, 980 N.E.2d 277, 285 (Ind. 2012) (citations and quotation marks omitted). "A trial court's order on summary judgment is cloaked with a presumption of validity; the party appealing from a grant of summary judgment must bear the burden of persuading this Court that the decision was erroneous." *Breining v. Harkness*, 872 N.E.2d 155, 158 (Ind. Ct. App.

---

[4] Lake Shore's counsel have included the transcripts of both summary judgment hearings in the appellant's appendix in violation of Indiana Appellate Rule 50(F), which says, "Because the Transcript is transmitted to the Court on Appeal pursuant to Rule 12(B), parties should not reproduce any portion of the Transcript in the Appendix."

2007), *trans. denied* (2008). "We may affirm the grant of summary judgment upon any basis

argued by the parties and supported by the record." *Id*.

Lake Shore raises six issues, the first of which is stated as follows:

Does a statute [Indiana Code Section 6-1.1-7-10] which requires a real property owner to pay the personal property taxes on someone else's mobile home in order to secure a permit to remove the mobile home from the real property constitute an exaction which violates the takings clause of the Fifth Amendment?

Appellant's Br. at 1.[5] Quite simply, Indiana Code Section 6-1.1-7-10 does *not* require a real

property owner to pay the personal property taxes on someone else's mobile home in order to

remove it. Several options were (and perhaps still are) available to Lake Shore to facilitate

the removal of the Lanes' mobile home from Lot 53 without Lake Shore having to pay the

delinquent personal property taxes. For example, Lake Shore could have filed an

---

[5] The appellees claim that Lake Shore's constitutional challenges are waived. This claim is not well taken, since those challenges are apparent on the face of Lake Shore's complaint as well as the trial court's initial summary judgment ruling.

interpleader action pursuant to Indiana Trial Rule 22.[6] Alternatively, Lake Shore could have

sold, auctioned, or salvaged the abandoned mobile home pursuant to the procedures outlined

in Indiana Code Chapter 9-22-1.5. Finally, we note that Indiana Code Section 6-1.1-7-9

provides,

> If a semi-annual installment of taxes imposed for a year upon a mobile home is not paid on or before the due date prescribed under section 7 of this chapter, the same penalties apply that are imposed under IC 1971, 6-1.1-37-10 for the late payment of property taxes. In addition, the mobile home and the personal property of a delinquent taxpayer *shall be levied upon and sold* [by the county treasurer] in the same manner that a taxpayer's personal property is levied upon and sold under IC 1971, 6-1.1-23 for the non-payment of personal property taxes.[7]

---

[6] Trial Rule 22(C) provides in pertinent part,

> A complaint or answer seeking interpleader under Rule 22(A) is sufficient if:
> (1) it admits that a liability is owing or it states that a totally or partially unfounded liability is asserted to be owing to either one or more of the parties interpleaded;
> (2) it declares that because of such claims the person seeking interpleader is or may be exposed to double or multiple liability; and
> (3) it prays that the parties interpleaded assert their claims against the party seeking interpleader and against each other.

The complaint may also show, if such is the fact, that the person seeking interpleader has deposited with the court money, or property, or a bond securing performance. It also may include appropriate prayers for equitable relief, including injunction against other nonpending suits by the parties interpleaded, against the person seeking interpleader or among themselves.

Trial Rule 22(D) provides,

> Any party seeking interpleader … may deposit with the court the amount claimed, or deliver to the court or as otherwise directed by the court the property claimed, and the court may thereupon order such party discharged from liability as to such claims, and the action continued as between the claimants of such money or property.

[7] Indiana Code Section 6-1.1-23-5(a) provides in pertinent part,

> The proceeds of the sale shall be paid into the county treasury and applied as follows:
> (1) first, to the collection expenses;
> (2) second, to the payment of the delinquent taxes and penalties;
> (3) third, to the payment of other tax delinquencies of the taxpayer in the order provided in subsection (b) of this section; and
> (4) fourth, any balance remaining shall be paid to the delinquent taxpayer.

(Emphasis added.) Thus, Lake Shore could have initiated a mandate action pursuant to Indiana Code Section 34-27-3-1 to require the Treasurer to fulfill his statutory obligation to levy upon and sell the mobile home.[8] In sum, we find no constitutional crisis here.

Lake Shore's second issue is this: "Did the County Treasurer's transfer of the mobile home owner's personal property tax payment obligation to the landowner of the real estate constitute a violation of the plaintiff's due process rights?" Appellant's Br. at 1. No such obligation was transferred, and thus no due process violation occurred.

Third, Lake Shore asks, "Did the County Treasurer's transfer of the mobile home owner's personal property tax payment judgment to the landowner of the real estate constitute a violation of the plaintiff's due process rights including the right to be heard?" *Id*. No such judgment was transferred, and thus no due process violation occurred.

In framing its fourth and fifth issues, Lake Shore contends that the Treasurer and his agent, American Financial, violated the Fair Debt Collection Practices Act. Lake Shore made no such allegations in its amended complaint, and, in any event, neither entity attempted to collect any debts from Lake Shore. It is undisputed that the debts belonged solely to the Lanes and that the Treasurer merely informed Lake Shore of the amount of those debts at Lake Shore's request. Lake Shore was not obligated to pay those debts, though it had voluntarily paid similar (and smaller) debts in the past. As mentioned earlier, Lake

---

[8] Indiana Code Section 34-27-3-1 provides, "An action for mandate may be prosecuted against any inferior tribunal, corporation, public or corporate officer, or person to compel the performance of any: (1) act that the law specifically requires; or (2) duty resulting from any office, trust, or station."

Shore had other means at its disposal to remove the Lanes' mobile home from its property, but it failed to use them.

Finally, Lake Shore asks whether the Treasurer's "wrongful transfer of the personal property tax payment obligation and persona[l] property judgment constitute[s] slander of the landowner's title?" Appellant's Br. at 2. Again, no tax obligations or judgments were transferred to Lake Shore. Moreover, Lake Shore cites no authority for the proposition that a judgment against personal property may slander a title to real property. Having disposed of all six issues in favor of the appellees, we affirm the trial court's summary judgment rulings in their favor.

Affirmed.

ROBB, C.J., and FRIEDLANDER, J., concur.

10