**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**FREDERICK VAIANA**
Voyles Zahn & Paul
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRENDA BEECHER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1401-CR-27 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Bradley Keffer, Judge *Pro-Tempore*
Cause No. 49F09-1302-FD-993

**September 15, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Brenda Beecher appeals her two convictions of Class D felony theft.[1]  As the State failed to demonstrate Beecher's control over her mother's property was "unauthorized," we must reverse.

## FACTS AND PROCEDURAL HISTORY

Beecher provided care for her ailing seventy-two-year-old mother until her mother moved to a nursing home.  On two occasions within the year after her mother's move, Beecher went to a pharmacy and picked up hydrocodone prescriptions in her mother's name.  Each prescription contained 240 pills, and each time, Beecher kept thirty pills for her own use and took 210 pills in a plastic bag to her mother at the nursing home.

The State charged Beecher with two counts of Class D felony theft for taking hydrocodone from her mother.  The State's only witness at Beecher's trial was the investigator from the Attorney General's Medicaid Fraud Investigations Unit to whom Beecher revealed she had kept thirty pills from each of her mother's prescriptions.  After the State rested, Beecher moved to dismiss the charges.  The court denied that motion.  After testimony from Beecher, the court found Beecher guilty of both theft counts.

## DISCUSSION AND DECISION

When reviewing sufficiency of evidence, we neither reweigh evidence nor assess witness credibility.  *Treadway v. State*, 924 N.E.2d 621, 639 (Ind. 2010).  We look to the evidence and reasonable inferences therefrom that support the verdict, and we affirm if there is probative evidence from which a reasonable trier of fact could have found the defendant

[1] Ind. Code § 35-43-4-2 (West 2009).

guilty beyond a reasonable doubt. *Id.*

The State did not file a brief in response to Beecher's request that we overturn her convictions. When an appellee does not submit a brief, we need not undertake the burden of developing its argument. *State v. Necessary*, 800 N.E.2d 667, 669 (Ind. Ct. App. 2003). Rather, in this circumstance, we apply a less stringent standard of review with respect to showings of reversible error, and thus we may reverse if an appellant establishes *prima facie* error. *Id. Prima facie* error is defined as "at first sight, on first appearance, or on the face of it." *Id.*

The State charged Beecher with Class D felony theft, which occurs when someone "knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use." Ind. Code § 35-43-4-2(a) (West 2009). When she moved for involuntary dismissal of the charges during trial, Beecher asserted the State had not proven her control over the pills was unauthorized – "that she didn't have permission to do that from her mother . . . ." (Tr. at 45.)

> The State argued at trial that Beecher's control was unauthorized because
>
> the pills - - the prescription was for hydrocodone which is a prescription where you have to have a um, - - it is a medicine where you have to have a prescription. That prescription was for [Mother].
>> [Mother] cannot allow someone else to even have that prescription. She can't even give authorized control because you cannot -- then she would be committing a crime by giving um, medicines to someone without a prescription that was not for that person.
>> Um, [Beecher] admitted that she kept the medicine for herself so the State believes that um, the Court should deny um, defendant's motion . . . .

(*Id.* at 46-7.)

3

However, for the purposes of theft, our legislature provided:

Under this chapter [Ind. Code ch. 35-43-4], a person's control over property of another person is "unauthorized" if it is exerted:
(1) without the other person's consent;
(2) in a manner or to an extent other than that to which the other person has consented;
(3) by transferring or encumbering other property while failing to disclose a lien, adverse claim, or other legal impediment to the enjoyment of that other property;
(4) by creating or confirming a false impression in the other person;
(5) by failing to correct a false impression that the person knows is influencing the other person, if the person stands in a relationship of special trust to the other person;
(6) by promising performance that the person knows will not be performed;
(7) by expressing an intention to damage the property or impair the rights of any other person; or
(8) by transferring or reproducing:
    (A) recorded sounds; or
    (B) a live performance;
without consent of the owner of the master recording or the live performance, with intent to distribute the reproductions for a profit.

Ind. Code § 35-42-4-1 (West 2009). That Beecher's mother should not have given the drugs to Beecher is of no consequence, as that statute does not include her action in the definition of "unauthorized" for purposes of the chapter that includes theft. *See id*.

Because there was no evidence Beecher's control of the hydrocodone was unauthorized, the State did not prove Beecher committed Class D felony theft. *See*, *e.g*., *Taylor v. State*, 587 N.E.2d 1293, 1301 (Ind. 1992) ("the State must establish beyond a reasonable doubt all of the necessary elements of the crime"), *reh'g denied*; *and see Breining v. Harkness*, 872 N.E.2d 155, 159-60 (Ind. Ct. App. 2007) (where co-owner of bank account transferred money to recipient, recipient's control over money was "authorized" and could

4

not support an allegation of theft), *reh'g denied*, *trans. denied*. Accordingly, we must reverse her convictions.

Reversed.

VAIDIK, C.J., and FRIEDLANDER, J. concur.